# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH EVANS,

    Plaintiff,

v.

Case No. 10-10459
Hon. Lawrence P. Zatkoff

SOCIAL SECURITY COMMISSIONER,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 10, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff submitted his complaint [dkt 1], application to proceed *in forma pauperis* [dkt 2], and application for appointment of counsel [dkt 3] on February 3, 2010. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED; Plaintiff's application for appointment of counsel is DENIED; and the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.

## II. ANALYSIS

**A. Application to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* [dkt 2].

**B. Application for Appointment of Counsel**

Plaintiff has also requested that the Court appoint counsel on his behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court is unable to find a meritorious claim.

Plaintiff received a mailing addressed to him and sent from the chambers of Magistrate Judge Hluchaniuk. After opening the envelope, Plaintiff realized that the enclosed materials were intended for a Nancy Mae Johnson. Plaintiff contends that this error has caused him great distress, as he is worried that Ms. Johnson or other unknown recipients have received mailings intended for him. Plaintiff suggests that this error constitutes a "breach of contract (formal)" and has inevitably violated his constitutional rights.

The Court finds that Plaintiff's complaint is patently frivolous and fails to state upon which relief can be granted. First, Plaintiff has named the Commissioner of Social Security as the sole defendant, yet the complaint contains absolutely no allegations of involvement by that office in the contested mailing. Second, Plaintiff does not explain how a simple clerical error violates his constitutional rights, nor does he even identify the specific rights that he seeks to protect. Regardless, the Court finds that any such violation is "*de minimus* and therefore cannot rise to the level of a constitutional violation." *Hill v. McIntyre*, 884 F.2d 271 (6th Cir. 1989). Finally, Plaintiff does not point to the existence of any contract between himself and Magistrate Judge Hluchaniuk

3

(or anyone else, for that matter) requiring the Magistrate Judge to properly address and enclose all mailings. Therefore, the Court finds that the breach-of-contact claim is without merit.

### III. CONCLUSION

For the above reasons, the Court finds that Plaintiff's complaint does not state a claim upon which relief may be granted and is otherwise frivolous. Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: February 10, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290